FILED
SEP 7 1999

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL CASE NO. 99-5010-CI-15

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

KEVIN P. TONG,

      Plaintiff,

99-2021-CIV-T-23B

vs.

RECEIVED
CIVIL COURT RECORDS

THE BUDD GROUP INC., a foreign
corporation, f/k/a BUDD SERVICES,
INC., d/b/a VICKERS SECURITY
SERVICES,

JUL 2 3 1999

KARLEEN F DeBLAKER
CLERK CIRCUIT COURT

      Defendant.
_____/

## COMPLAINT

Plaintiff, KEVIN P. TONG ("Plaintiff"), sues Defendant, THE BUDD GROUP, INC., a foreign corporation, f/k/a BUDD SERVICES, INC., d/b/a VICKERS SECURITY SERVICES ("Defendant"), and alleges:

1. Plaintiff is and was at all times material hereto a resident of St. Petersburg, Pinellas County, Florida.

2. Defendant is and was at all times material hereto a North Carolina corporation formerly known as Budd Services, Inc. Defendant is in the business of providing security services, doing business as Vickers Security Services.

3. On June 26, 1998, Defendant hired Plaintiff as a Lieutenant Security Officer at what was formerly known as the Pinellas Square Mall in Pinellas Park, Pinellas County, Florida. All of Plaintiff's work for Defendant was performed at that locale.

4. Plaintiff is of Vietnamese national origin and Asian race and at the time he was hired, he was the only employee of such national origin descent and race.



5. After Plaintiff's hire and throughout his employment Plaintiff's supervisor and Branch Manager Larry Brown repeatedly and constantly subjected Plaintiff to racial and ethnic slurs. By means of example, Brown repeatedly referred to Plaintiff as a "stupid Charlie." In addition, Brown constantly made offensive references to the Vietnam conflict such as "fire in the hole."

6. On August 7, 1998, Defendant terminated Plaintiff. The ostensible reason for terminating Plaintiff was because he had assisted an off-duty police officer in apprehending a shoplifter.

7. Plaintiff believes and therefore alleges that the real underlying reason for his termination was racial and national origin bias against him and that the reason given for termination was simply a pretext.

8. Plaintiff has timely filed a charge of race and national origin discrimination against Defendant with the Florida Commission on Human Relations. The charge originally named Defendant's predecessor, Vickers Security Services, Inc., a dissolved Florida corporation, and after discovering that Defendant was in fact doing business as Vickers Security Services, said charge was amended naming Defendant. Said amendment relates back to the time of filing the initial charge.

9. A period of more than 180 days, but less than 180 days plus one year has elapsed since the filing of the original charge.

## COUNT I – HOSTILE WORK ENVIRONMENT

10. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00).

12. Defendant is and was at all time material hereto an employer as that term is defined in Florida Statute § 760.02(7).

13. Venue of this proceeding is properly lodged in Pinellas County, Florida, because all events material to this action, including the place of employment, were in Pinellas County, Florida.

14. At all times material hereto Larry Brown was Plaintiff's supervisor with the authority to undertake or influence employment decisions and to direct Plaintiff's daily work activities.

15. The repeated and constant racial and national origin-based slurs directed toward Plaintiff by Larry Brown were so pervasive so as to alter the terms, conditions and privileges of employment enjoyed by Plaintiff.

16. The subjection of Plaintiff to a hostile work environment because of his race and national origin violated the Florida Civil Rights Act of 1992, in particular Florida Statute §760.10(1)(a).

17. Defendant is liable for the acts of Larry Brown as Plaintiff's supervisor.

18. As a direct and proximate result of Defendant's violation of the Florida Civil Rights Act of 1992, Plaintiff has suffered emotional distress, mental anguish, humiliation, loss of dignity and loss of enjoyment of life.

19. Plaintiff is entitled to recovery of punitive damages against Defendant under Florida Statute §760.11(5).

20. Plaintiff is additionally entitled to recover costs and attorney's fees against Defendant, pursuant to Florida Statute §760.11(5).

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages, costs and attorney's fees against Defendant and further demands a trial by jury on all issues so triable.

### COUNT II – WRONGFUL TERMINATION

21. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00).

22. Paragraphs 1 through 9 and 12 through 20 are realleged and reavered as if fully set forth verbatim herein.

23. Plaintiff's termination on account of his race and national origin violated Florida Statute §760.10(1)(a).

24. As a direct and proximate result of Defendant's violation of the Florida Civil Rights Act of 1992, Plaintiff has sustained those damages set forth in paragraph 18 hereinabove and has further suffered loss of income thereby.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages, costs and attorney's fees against Defendant and further demands a trial by jury on all issues so triable.

Respectfully submitted,

MARCUS A. CASTILLO, ESQUIRE
Haas & Castillo, P.A.
Arbor Shoreline Office Park
19321-C U.S. Hwy 19 North, Ste. 401
Clearwater, FL 33764
Phone: (727) 535-4544
Fax: (727) 535-1855
FBN: 374733/SPN: 304455

ama//W:\WP60\TONG\Complaint.doc