IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN P. TONG,

        Plaintiff,

vs.                              CASE NO. 99-2021-Civ-T-23B

THE BUDD GROUP INC., a foreign
Corporation, f/k/a BUDD SERVICES,
INC., d/b/a VICKERS SECURITY
SERVICES

        Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Budd Group ("Budd Group" or "Defendant"), by and through their undersigned counsel, hereby answers the correspondingly numbered paragraphs of the Complaint herein as follows:

1. Defendant is without sufficient knowledge to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

2. Defendant admits that The Budd Group, Inc., is a North Carolina corporation formerly known as Budd Services, Inc. Defendant admits that it provides security services. The remaining averments of this paragraph are denied.

3. Defendant admits that plaintiff was an employee and worked at the Pinellas Square Mall. The remaining averments of this paragraph are denied.

4. Defendant is without sufficient knowledge to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.



5. Defendant admits that Larry Brown was the plaintiff's Branch Manager. The remaining averments of this paragraph are denied.

6. Defendant admits that plaintiff was terminated on or about August 7, 1998. The remaining averments of this paragraph are denied.

7. The averments of this paragraph are denied.

8. Defendant is without sufficient knowledge to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

9. Defendant is without sufficient knowledge to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

## COUNT I HOSTILE WORK ENVIRONMENT

10. Defendant admits that plaintiff is seeking damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant denies that plaintiff is owed anything.

11. The Complaint does include a Paragraph No. 11.

12. Defendant admits that the Budd Group is an employer as that term is defined in Florida Statutes §760.02(7). The remaining averments of this paragraph are denied.

13. Defendant admits that venue is proper in the United States District Court, Middle District of Florida, Tampa Division, which encompasses Pinellas County, Florida. The remaining averments of this paragraph are denied.

14. Defendant admits that Larry Brown was the plaintiff's Branch Manager and that as such he had the authority to undertake or influence employment decisions. The remaining averments of this paragraph are denied.

15. The averments of this paragraph are denied.

16. The averments of this paragraph are denied.

2

17. The averments of this paragraph are denied.

18. The averments of this paragraph are denied.

19. The averments of this paragraph are denied.

20. The averments of this paragraph are denied.

## COUNT II - WRONGFUL TERMINATION

21. Defendant admits that plaintiff is seeking damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant denies that plaintiff is owed anything.

22. Defendant realleges and incorporates herein by reference the responses provided to the allegations contained in Paragraph Nos. 1 through 9 and 12 through 20 above.

23. The averments of this paragraph are denied.

24. The averments of this paragraph are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIMATIVE DEFENSE

To the extent that plaintiff's claims are based upon conduct not the subject of a timely filed charge of discrimination with the Florida Commission on Human Relations ("FCHR"), such claims are barred for failure to exhaust administrative remedies and / or failure to satisfy conditions precedent to suit.

### SECOND AFFIRMATIVE DEFENSE

To the extent that plaintiff failed to cooperate and assist with the administrative investigation of his charge of discrimination, his claims are barred for failure to exhaust administrative remedies and / or failure to satisfy conditions precedent to suit.

### THIRD AFFIRMATIVE DEFENSE

To the extent that plaintiff asserts claims in this suit which are not reasonably related to the allegations of his charge of discrimination, such claims are barred for failure to exhaust administrative remedies and / or failure to satisfy conditions precedent to suit.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiff failed to exhaust administrative remedies and failed to satisfy conditions precedent to suit because plaintiff filed suit prior to the expiration of 180 days following the filing of his charge with the FCHR, plaintiff's claims are barred.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff establishes that an actionable hostile environment existed, defendant has exercised reasonable care to prevent and correct promptly any harassing behavior, and plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by defendant or to avoid harm otherwise.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiff establishes that Larry Brown engaged in actionable conduct, such conduct was beyond the scope of his employment with defendant.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff demonstrates that race and/or national origin was a motivating factor for any challenged employment action, defendant would have taken the same action in the absence of such impermissible motivating factor.

### EIGHTH AFFIRMATIVE DEFENSE

In the event plaintiff proves that defendant's employment actions were discriminatory, defendant would have taken the same action at a subsequent time as a result of other conduct of the plaintiff not then discovered.

### NINTH AFFIRMATIVE DEFENSE

To the extent that plaintiff has failed to make a good faith, reasonable effort to mitigate his damages, he is not entitled to relief.

### TENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set off for any amounts recovered by plaintiff through his efforts to mitigate damages of from collateral sources.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff establishes that defendant's agents or employees engaged in discriminatory employment actions, such actions were contrary to defendant's good faith efforts to comply with the law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

**WHEREFORE,** for the foregoing reasons, defendant respectfully requests that the Complaint be dismissed with prejudice, and that it be awarded its reasonable costs and attorneys' fees in defending this action.

Respectfully submitted,

_____
Peter W. Zinober
Florida Bar No. 121750

_____
Ryan D. Barack
Florida Bar No. 0148430
ZINOBER & McCREA, P.A.
201 E. Kennedy Blvd.- Suite 800
Tampa, Florida 33602
813/224-9004
813/223-4881 facsimile
Attorneys for The Budd Group, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses has been furnished by U.S. Mail this ___ day of September 1999, to:

>Marcus A. Castillo, Esquire
>Hass & Castillo, P.A.
>19321-C U.S. Hwy 19 North, Ste 401
>Clearwater, Florida 33764

_____
Attorney

6