**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KEVIN P. TONG,**

        **Plaintiff,**

**vs.**                                                    **CASE NO.  99-2021-CIV-T-23B**

**THE BUDD GROUP INC., a foreign**
**Corporation, f/k/a BUDD SERVICES,**
**INC., d/b/a VICKERS SECURITY**
**SERVICES**

        **Defendant.**
_____/

## CASE MANAGEMENT REPORT

    1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on October 20, 1999 via telephone and was attended by:

Marcus A. Castillo, Esquire        Counsel for Plaintiff

Ryan D. Barack, Esquire        Counsel for Defendant

    2.    <u>Pre Discovery Initial Disclosures of Core Information</u>:

        a.    Fed.R.Civ.P. 26(a)(1)(C) & (D) Disclosures <u>(Local Rule 3.05(d) provides that these disclosures are mandatory in Track Two Cases and optional in other cases unless otherwise ordered by the Court.  Complete the following in all Track Two cases and, when applicable, in Track Three Cases)</u>:

The Parties

    _____    have exchanged

     X    agree to exchange

information described in Fed.R.Civ.P. 26(a)(1)(C) & (D) by November 22, 1999.

        b.    Fed.R.Civ.P. 26(a)(1)(A) & (B) Disclosure <u>(Local Rule 3.05(d) provides that these disclosures are not mandatory except as stipulated by the parties or otherwise ordered by the Court.  Complete the following when applicable)</u>:

        Not Applicable.



3.     Discovery Plan - Plaintiff:  The parties jointly propose the following Plaintiff's discovery plan:

a.     Plaintiff's Planned Discovery:  A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)     Requests for Admission:

Plaintiff reserves the right to serve requests for admissions on any appropriate topic for discovery.

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed.R.Civ.P. 26(b)(2).  Any such request must be presented by motion.  See ¶ 6 below.

(2)     Written Interrogatories:

Plaintiff reserves the right to serve up to twenty-five (25) interrogatories, including subparts, on appropriate topics for discovery, and to seek leave to serve additional interrogatories if necessary.

Number of Interrogatories:  Local Rules 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be presented by motion.  See ¶ 6 below.

(3)     Requests for Production or Inspection:

Plaintiff reserves the right to serve requests for production or inspection on any appropriate topic for discovery.

(4)     Oral Depositions:

Plaintiff reserves the right to take up to ten (10) depositions, and to seek leave to take additional depositions if necessary.

Number of Depositions:  Local Rule 3.02(b) provides, "[I]n accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Plaintiff to exceed this limit must be presented by motion.  See ¶ 6 below.

2

b.     <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Plaintiff's Fed.R.Civ.P. 26(a)(2) disclosure will be due sixty days prior to the close of discovery.

c.     <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Plaintiff's supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times:

Seasonal supplementation as Plaintiff learns of any supplemental information, with last supplementation to be thirty (30) days before the close of discovery.

d.     <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for it to be completed on or before June 23, 2000.

4.     <u>Discovery Plan - Defendant</u>:  The parties jointly propose the following Defendant's discovery plan:

a.     <u>Defendant's Planned Discovery</u>:  A description of every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)     <u>Requests for Admission</u>:

Defendant reserves the right to serve requests for admissions on any appropriate topic for discovery.

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed.R.Civ.P. 26(b)(2).  Any such request must be presented by motion.  <u>See</u> ¶ 6 below.

(2)     <u>Written Interrogatories</u>:

Defendant reserves the right to serve up to twenty-five (25) interrogatories, including subparts, on appropriate topics for discovery, and to seek leave to serve additional interrogatories if necessary.

Number of Interrogatories:  Local Rules 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Defendant to exceed this limit must be presented by motion.  See ¶ 6 below.

(3)     Requests for Production or Inspection:

Defendant reserves the right to serve requests for production or inspection on any appropriate topic for discovery.

(4)     Oral Depositions:

Defendant plans to take the deposition of the plaintiff within thirty (30) days of receiving plaintiff's responses to defendant's first request for production of documents and first set of interrogatories.  Defendant will take other depositions as deemed necessary up to ten (10) total, and reserves the right to seek leave to take additional depositions if necessary.

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be presented by motion.  See ¶ 6 below.

b.     Disclosure of Expert Testimony:  Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Defendant's Fed.R.Civ.P. 26(a)(2) disclosure will be due thirty days after Defendant's receipt of Plaintiff's Fed.R.Civ.P. 26(a)(2) disclosure.

c.     Supplementation of Disclosure and Responses:  Parties agree that Defendant's supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times:

Seasonal supplementation as Defendant learns of any supplemental information, with last supplementation to be thirty (30) days before the close of discovery.

d.     Completion of Discovery:  Defendant will commence all discovery in time for it to be completed on or before June 23, 2000.

5.     Joint Discovery Plan - Other Matters:  Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges,

4

whether discovery should be conducted in phases or be limited to or focused upon particular issues):

Not Applicable

6.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:    Any disagreement or unresolved issues concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven days after the filing of the Case Management Report.  Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates.

None at this time.

7.    <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>:  Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, and motions to amend shall be March 13, 2000.  Plaintiff reports that he contemplates seeking leave of the Court to amend his Complaint to add a claim under Title VII.  The final date for filing motions for summary judgment, and all other potentially dispositive motions shall be August 25, 2000.  (Note time limit in Local Rule 4.03.)

8.    <u>Settlement and Alternative Dispute Resolution</u>.  Parties agree that settlement is

___ likely

___ unlikely

_X_ unknown at this time

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). ___ yes _X_ no ___ likely to agree in future

Parties agree to participate in court annexed mediation as detailed in Chapter Nine of the Court's Local Rules. __ yes _X_ no ___ likely to agree in future

Parties agree to consent to trial presided over by United States Magistrate Judge.

____ yes _X_ no ____ likely to agree in future

Parties intend to pursue the following other methods of alternative dispute resolution:

In accordance with Local Rule 3.05(c)(2)(v), the parties agree that if they do not report to the Court that the case has settled ten (10) days after the Court's disposition of the last pending dispositive motion the parties will apply for an order invoking Court annexed mediation (Chapter Nine of the Local Rules) on that date.

5

9.      Preliminary Pretrial Conference:

The Parties

_____ request

_X_ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.

10.      Final Pretrial Conference and Trial:  Parties agree that they will be ready for a final pretrial conference thirty days after the Court's disposition of the last pending dispositive motion and for trial sixty days after the Court's disposition of the last pending dispositive motion. This **Jury** _X_ **Non-Jury** ____ is expected to take approximately 40 hours.

11.      Pretrial Disclosures and Final Pretrial Procedures:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed.R.Civ.P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

12.      Other Matters:

          None know at this time.

Respectfully submitted,


_____
Marcus A. Castillo, Esquire
Florida Bar No. 374733
HASS & CASTILLO, P.A.
19321-C U.S. Hwy 19 North, Ste 401
Clearwater, Florida 33764
(727) 535-4544 Telephone
(727) 535-1855 Facsimile
Attorney for Plaintiff, Kevin P. Tong


_____
Ryan D. Barack
Florida Bar No. 0148430
ZINOBER & McCREA, P.A.
201 E. Kennedy Boulevard, Suite 800
Tampa, FL 33602
(813) 224-9004 Telephone
(813) 223-4881 Facsimile
Attorneys for Defendant,
          The Budd Group, Inc


Dated: _October 20, 1999_

Dated: _Oct. 26, 1999_

6