# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION



KEVIN P. TONG,

      Plaintiff,

v.

**CASE NO. 99-2021-CIV-T-23B**

THE BUDD GROUP, INC., f/k/a BUDD SERVICES, INC., d/b/a VICKERS SECURITY SERVICES,

      Defendant.

_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

      This cause came on for consideration concerning completion of discovery and the scheduling of pretrial procedures and trial. The Court has considered the positions of the parties as set forth in their Case Management Report, and hereby enters the following scheduling and case management requirements whose provisions are very precise and *shall be strictly adhered to*. Accordingly, it is **ORDERED**:

      1.   Parties are **directed** to meet the agreed upon terms and time limits set forth in their Case Management Report, as noted below (including any *exceptions* deemed appropriate by the Court):

> **Third-Party/Joinder** - April 3, 2000
> **Discovery Cut-Off** - July 3, 2000
> **Dispositive Motion Filing** - August 1, 2000

      2.   Parties are further **directed** to meet the pretrial disclosure requirements and deadlines in Fed.R.Civ.P. 26(a)(3) and to adhere timely to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures, as supplemented herein at ¶ 6.

      3.   Parties shall take heed that motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this Case Management and Scheduling Order *are disfavored*. See Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D).

      4.   A *Pretrial Conference* will be held before Magistrate Judge Thomas G. Wilson in **Courtroom 12A**, United States Courthouse, 801 North Florida Avenue, Tampa, on **October 11, 2000**, at **11:00 a.m.**.

> THE COURT WILL NOT ADDRESS DISCOVERY DISPUTES OF ANY KIND AT TRIAL. ANY DISCOVERY DISPUTE FOR WHICH THE PARTIES SEEK JUDICIAL RESOLUTION MUST BE ADDRESSED AT OR BEFORE THE PRETRIAL CONFERENCE. THE PARTIES MAY AGREE ON ANY MATTER REGARDING DISCOVERY, BUT EACH PARTY ASSUMES THE RISK OF NON-COMPLIANCE BY THE OTHER UNLESS THE ISSUE HAS BEEN ADDRESSED BY THE COURT AT THE PRETRIAL CONFERENCE.

5. This case is set for *Jury Trial* in **Courtroom 15A**, United States Courthouse, 801 N. Florida Avenue, Tampa, during the **November 2000** trial term before the Honorable Steven D. Merryday. Cases set before Judge Merryday are subject to being tried by a visiting judge. A separate trial calendar will be forthcoming in October 2000.

6. Not later than **five (5) days prior to the date on which the trial *term* is set to commence**, *see* ¶ 5, the parties **shall file** with the Clerk of Court the following (**and**, as to each of the following, provide directly to Chambers, by mail or hand-delivery a "*Judge's Courtesy Copy*," so marked):

    (a) Each side shall file a **Trial Brief**, with citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at trial; **and** either (b) or (c) below, **as appropriate**.

    (b) **If case is a jury trial**, the following:

        (1) A concise (one paragraph preferably) *joint or stipulated* statement of the nature of the action to be used in providing a basic explanation of the case to the jury *venire*;

        (2) A complete set of all written **Proposed Jury Instructions** (which shall bear a cover sheet with the complete style of the case and appropriate heading designating the submitting party; there shall be no more than one instruction per page and contain, at the end of each such instruction, citation of authorities, if any); they shall be sequentially numbered and party-identified (*e.g.*, Plaintiff's Requested Instruction No. 1);

        (3) **Proposed *Voir Dire*** (the Court will conduct the *voir dire* and, in addition to the usual more general questions, will without initiation by counsel ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration); and

        (4) **Proposed Verdict Form**.

    (c) **If case is a non-jury trial**, Proposed Findings of Fact and Conclusions of Law (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel).

7. The **Pretrial Conference** *shall be attended by counsel who will act as lead trial counsel in the case* and who is vested with full authority to make and solicit disclosures and agreements touching all matters pertaining to the trial.

**ORDERED** in Tampa, Florida, on November 8, 1999.

                                                  **STEVEN D. MERRYDAY**
                                                  STEVEN D. MERRYDAY
                                                  UNITED STATES DISTICT JUDGE

Copies to:    Counsel and unrepresented parties
                  Magistrate Judge Thomas G. Wilson