

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KEVIN P. TONG,

      **Plaintiff,**

vs.                         **CASE NO.  99-2021-Civ-T-23B**

**THE BUDD GROUP INC., a foreign**
**Corporation, f/k/a BUDD SERVICES,**
**INC., d/b/a VICKERS SECURITY**
**SERVICES,**

      **Defendant.**
_____/

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEAVE TO AMEND

COMES NOW defendant, The Budd Group, Inc. ("The Budd Group"), by and through its undersigned counsel, and pursuant to Rules 15 and 16, FED.R.CIV.P., opposes plaintiff Kevin P. Tong's ("Tong") motion for leave to amend his complaint to add a claim under 42 U.S.C. § 1981.

## MEMORANDUM OF LAW

## I.

## BACKGROUND

On July 23, 1999, Tong filed suit against The Budd Group in the Sixth Judicial Circuit, in and for Pinellas County, Florida.  In his complaint, Tong alleged that The Budd Group discriminated against him and terminated him because of his national origin, in violation of the Florida Civil Rights Act of 1992 ("FCRA").  On September 7, 1999,



The Budd Group, pursuant to 28 U.S.C. §§ 1441(a) and 1441(e), removed this matter to this Court.

On October 20, 1999, pursuant to Local Rule 3.05(c)(2)(B), the parties conducted a case management conference.  In the case management conference report the parties agreed that all motions to amend were to be filed by March 13, 2000.  On November 8, 1999, the Court entered the Case Management and Scheduling Order.  The deadline for seeking leave to add claims was set by the Court as March 13, 2000.

On or about February 14, 2000, plaintiff's counsel, Marcus Castillo, notified undersigned counsel for The Budd Group Ryan Barack that Tong had a malignant brain tumor.  To allow Tong to focus on his health and as a matter of courtesy, counsel for The Budd Group agreed to postpone Tong's deposition and to not actively pursue discovery in this case unless or until Tong felt well enough to proceed.  No other postponements of deadlines were sought by Plaintiff, or agreed to by Defendant.

Tong now seeks leave to amend his complaint to assert a claim under 42 U.S.C. § 1981 by motion filed on May 25, 2000, seventy-three (73) days after the deadline for filing such a motion as specified in the Scheduling Order.

## II.

## ARGUMENT

### A.     Leave To Amend Should Be Denied Because Tong Has Failed To Meet The Requirements Of Rule 16(b)

In *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417 (11th Cir. 1998), the Eleventh Circuit upheld Judge Conway's order denying a motion for leave to amend filed after the

deadlines specified in the trial court's scheduling order.  The Eleventh Circuit explained that "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa*, 133 F.3d at 1418 n.2.  The Eleventh Circuit also stated that, "because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)." *Id.* at 1419.

The Eleventh Circuit, citing to the Advisory Committee's Note to Rule 16(b), instructed that the good cause standard of Rule 16(b) "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* at 1417 (emphasis supplied).  *See also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)("If [a] party was not diligent, the [good cause] inquiry should end.").  The Eleventh Circuit concluded that, "[i]n light of Sosa's lack of diligence in protecting her rights," Sosa's motion for leave to amend her complaint "was not supported by good cause." 133 F.3d at 1419.

In *Tampa Bay Storm, Inc. v. Arena Football League, Inc.,* 1998 U.S. Dist. LEXIS 5211 (M.D. Fla. March 19, 1998), the Court relied upon the Eleventh Circuit's holding in *Sosa* in denying a motion to amend as untimely when it was filed beyond the deadline specified in the Case Management and Scheduling Order.  The Court concluded that the defendant could not demonstrate the requisite "good cause" under Rule 16(b) because the defendant could have amended its answer prior to the scheduling order's deadline.  *See also Sender Bros. Nursery, Inc., v. E.I. Dupont de Nemours & Co*, 184 F.R.D. 674 (M.D.

Fla. 1999); *Payne v. Ryder System, Inc.*, 173 F.R.D. 537 (M.D. Fla. 1997); Local Rule 3.05(c)(2)(E).

In its November 8, 1999 Scheduling Order, the Court set a deadline of March 13, 2000 for adding new claims. Indeed, this was a date agreed to by Tong's counsel. Tong's motion for leave is untimely, having been filed on May 25, 2000.

In addition to its tardiness, Tong's motion to amend fails to meet the good cause requirement of Rule 16(b). While it is true that the parties agreed in February 2000 to not actively pursue discovery unless or until Tong regained his health, this does not explain why Tong, through the exercise of due diligence, could not have sought leave to amend his complaint prior to March 13, 2000.[1]  Apparently, Tong did not become ill until late December 1999. Furthermore, either Tong or his lawyer were aware of the existence of a possible claim under 42 U.S.C. § 1981 prior to his illness, and had they exercised diligence in pursuing Tong's claims, he could have asserted a claim under 42 U.S.C. § 1981 long before the deadline. Indeed, there is absolutely no relationship between Tong's illness and the discovery of the claim under § 1981, since it is purely legal in nature, and not dependent on any facts which were unavailable during Tong's illness.

As made clear in *Sosa*, Tong's failure to demonstrate "good cause" under Rule 16(b) precludes any consideration of whether amendment is proper under Rule 15(a) and, more importantly, "precludes modification." Since Tong has not demonstrated that he exercised due diligence in seeking to amend his complaint, the "good cause" inquiry ends, and leave to amend must be denied.

---

[1]  "The scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Payne,* 173 F.R.D. at 540, *quoting Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C. 1987).

**B.**    **Tong's Motion Also Should Be Denied Under Rule 15**

Even assuming *arguendo* that Tong had satisfied the "good cause" showing required by Rule 16(b), his request for leave to amend should still be denied under Rule 15(a). When a motion to amend would cause "undue prejudice to the opposing party, it should be denied." *Foman v. Davis,* 351 U.S 178, 182, 83 S.Ct. 227, 230, 9 L. Ed. 2d. 222 (1962). In *Technical Resource Servs. v. Dornier Medical Sys.*, 134 F. 3d 1458, 1463-64 (11th Cir. 1998), the Eleventh Circuit upheld Judge Fawsett's order denying a motion for leave to amend to assert a new claim. The plaintiff had argued that the defendant had been on notice for months that the plaintiff intended to assert the new claim. In rejecting this argument, "Judge Fawsett reasoned that if [the defendant] had had such notice for months, then [the plaintiff] must also have known for several months that the new … claim existed, yet failed to make a motion to amend earlier." *Id.* at 1463. The Eleventh Circuit held that the "dual concerns that [the plaintiff] delayed unduly and that the proposed amendment would have unduly prejudiced [the defendant] lead us to conclude that the district court did not abuse its discretion by denying [the plaintiff's] motion to amend." *Id.* at 1464.

In this case, as in *Technical Resource Servs*, Tong claims that he put The Budd Group on notice of his intent to pursue a section 1981 claim on November 5, 1999, yet he chose not to seek to amend his complaint at that time. The fact that Tong subsequently became ill does not impact upon the fact that he and his attorney (who was not incapacitated) were both aware of his section 1981 claim months ago and chose not to assert it until now.

Tong now seeks to use The Budd Group's willingness to postpone its discovery during his illness as an excuse to justify his undue delay in seeking to amend his complaint. If Tong wanted to amend his complaint, he should have done it when he notified The Budd Group of the existence of the potential section 1981 claim in early November 1999.

In addition, permitting Tong to amend his complaint to add a section 1981 claim will prejudice The Budd Group. While the burden shifting analysis is the same under the FCRA and section 1981, there are important differences between the two statutes. Most significantly, the amount of punitive damages available under section 1981 is uncapped, and is therefore dramatically different from those available under section 760. *Compare* Fla. Stat. § 760.11(5) ($100,000.00 cap for punitive damages) *with* 42 U.S.C. 1981a(B)(3). Further, the procedural prerequisites to bringing a FCRA claim and therefore procedural defenses, are not existent under section 1981.

### III.

### CONCLUSION

For the foregoing reasons, The Budd Group respectfully requests that this Court deny Tong's motion for leave to amend his complaint to add a claim under section 1981.

Respectfully submitted,


Peter W. Zinober
Florida Bar No. 121750


Ryan D. Barack
Florida Bar No. 0148430
ZINOBER & McCREA, P.A.
201 E. Kennedy Blvd.- Suite 800
Tampa, Florida 33602
813/224-9004
813/223-4881 facsimile
Attorneys for The Budd Group, Inc.


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Defendant's

Opposition To Plaintiff's Motion For Leave To Amend has been furnished by U.S. Mail

this *12th* day of June, 2000, to:

> Marcus A. Castillo, Esquire
> Hass & Castillo, P.A.
> 19321-C U.S. Hwy 19 North, Ste 401
> Clearwater, Florida 33764

Attorney